UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MITCHELL LE DAC HO,

                                                                                                Civil No. 21-2573 (JRT/DTS)

                      Petitioner,

v.                                                 MEMORANDUM OPINION AND ORDER
                                                                       ADOPTING REPORT AND
CATHY HALVORSON, *Warden, Minnesota*             RECOMMENDATION
*Corrections Facility, Faribault*,

                    Respondent.

        Charles L. Hawkins, **CHARLES HAWKINS LAW OFFICE**, 150 South Fifth Street, Suite 2860, Minneapolis, MN 55402, for petitioner.

        Brittany D. Lawonn, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487; Edwin William Stockmeyer III and Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondent.

        Petitioner Mitchell Le Dac Ho has petitioned the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2254 as a result of alleged violations of his Sixth Amendment protection against ineffective assistance of counsel. Magistrate Judge David Schultz reviewed the merits of Ho's petition and issued a report and recommendation ("R&R") recommending that the petition be denied. Ho timely objected to the Magistrate Judge's conclusions that (1) he was not prejudiced by his counsel's errors, (2) he was not motivated by a potential life sentence because he agreed to plead guilty before being advised about the possibility of such a sentence, (3) the prospect of a life sentence was not a determinative

issue for Ho in plea discussions, and (4) the decision of the Minnesota Court of Appeals was not based on an unreasonable determination of the facts or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).

Because the contemporaneous record establishes that Ho chose to maintain his plea agreements in order to avoid **any** longer sentence and that a potential life sentence was not a motivating or determinative factor, the Court finds that he was not prejudiced by his attorney's errors and that the Minnesota Court of Appeals did not unreasonably apply *Strickland*.  The Court will therefore overrule Ho's objections, adopt the R&R, and dismiss his Petition for a Writ of Habeas Corpus.

## BACKGROUND

### I. FACTS

While Ho was working as a massage therapist in 2017 and 2018, the state filed three criminal complaints charging him with third-degree criminal sexual conduct for the assaults of two adult clients and one juvenile client.  (R&R at 2, June 21, 2022, Docket No. 21.)[1]

In June 2018, Ho pleaded guilty to third-degree criminal sexual conduct in two cases, including the case involving the juvenile client.  (*Id.*)  As part of his plea agreements,

---

[1] Ho did not challenge the factual record developed in the state courts, and the R&R adopted in full the Minnesota Court of Appeal's factual summary in *Ho v. State*, No. A19-2035, 2020 WL 7330312, at *1–3 (Minn. Ct. App. Dec. 14, 2020).  As Ho also did not object to the R&R's summary of the facts, the Court will also adopt the R&R's factual summary in full.

the state dismissed the third case, agreed not to charge a fourth case, and agreed to cap Ho's sentence at 82 months of imprisonment while allowing Ho to seek a downward departure. (*Id.*)  At the change of plea hearing, the state court found that Ho's waiver of his trial rights was knowing, intelligent, and voluntary.  (*Id.*)  At Ho's sentencing, he expressed remorse and stated he "believed [his] actions were consensual at the time," but admitted he had misread the situation and accepted that his actions were criminal. (*Id*.)  The district court ultimately sentenced Ho to concurrent prison sentences of 42 months and 62 months.  (*Id.*)

Several months after sentencing, Ho petitioned the state district court for postconviction relief, arguing that his trial counsel had been ineffective and that his guilty pleas had not been knowing, voluntary, and intelligent. (*Id.* at 2–3).  According to Ho, he discovered after pleading guilty, but before sentencing, that consent was a possible defense. (*Id.* at 3.)  At the evidentiary hearing on Ho's petition, Ho's trial counsel testified that she indeed mistakenly informed Ho that consent was not a defense in the case involving the juvenile complainant.  (*Id.*)  Based on his counsel's misinformation, Ho believed that consent was not a defense in the case involving the juvenile at the time of his guilty plea.  (*Id.*)

Ho's attorney further testified that after acknowledging her mistake, she advised Ho that she could: (1) assist Ho in withdrawing his guilty pleas; (2) withdraw as counsel; or (3) pursue a downward departure as originally planned.  (*Id.*)  It was Ho's attorney's

opinion that a consent defense would be difficult to successfully pursue because four unrelated complainants alleged factually similar sexual assaults, and the prosecutor had specifically advised her of the state's intention to admit testimony from all four complainants pursuant to *State v. Spreigl*, 139 N.W.2d 167 (Minn. 1965). (*Id.*) Ho's attorney also advised him of his potential sentencing exposure without the plea agreements, including the remote possibility that he could face a mandatory life sentence under Minnesota Statutes § 609.3455 if he was convicted in each of the cases. (*Id.*)

Ho's attorney testified that the possibility of a life sentence was not the focus of their conversations, and she allegedly told Ho multiple times that she believed his exposure would be about ten years' imprisonment based upon the Minnesota Sentencing Guidelines grid if he was convicted on the three charges. (*Id.* at 3–4.)

Ho decided that he did not want to withdraw his guilty pleas and instructed his attorney to focus on seeking a downward departure. (*Id*. at 4.)

However, at his postconviction hearing, Ho testified that he chose not to withdraw his pleas because he believed that he would face a mandatory life sentence if convicted on the three charges. (*Id.*) Ho explained that his attorney had circled the words "shall" and "for life" in the relevant statutory language and that he never would have pleaded guilty had he known about the availability of the consent defense. (*Id.*) Ho called a practicing criminal defense attorney as an expert witness to testify that Ho's lawyer had been ineffective and that her performance had prejudiced Ho. (*Id*.)

-4-

Although the parties agreed that Ho's attorney misinformed him about the availability of a consent defense, the postconviction court concluded that his attorney's corrective actions remedied any deficiency.  (*Id.*)  The Minnesota Court of Appeals agreed with the postconviction court, noting that Ho's counsel's actions aligned with an attorney's duty to inform the client of a material error and was not objectively unreasonable.  (*Id.* at 5.)

Likewise, while Ho argued that his counsel's corrective action also constituted ineffective assistance of counsel because she overstated the likelihood of a life sentence, the Court of Appeals agreed with the postconviction court that Ho's attorney did not misinform him that a life sentence was possible because his attorney did not emphasize the remote possibility.  (*Id.* at 6.)  And, regardless of any error, the Minnesota Court of Appeals also agreed with the postconviction court that Ho was not prejudiced because the record established that he pleaded guilty to avoid any longer sentence—not just a life sentence. (*Id*. at 7.)

Lastly, the Court of Appeals agreed with the postconviction court's rejection of Ho's request for an opportunity to withdraw his guilty pleas because Ho did not move diligently in challenging the validity of his guilty plea after his attorney informed him of the option and, further, Ho's own admission that the sexual contact was nonconsensual undermined his claim that he lacked sufficient information about the consent defense. (*Id*. at 7–8.)

After unsuccessfully challenging his conviction in state court, Ho filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 30, 2021.  (Pet., Nov. 30, 2021, Docket No. 1).  The petition was subsequently referred to the Magistrate Judge who, on June 21, 2022, issued an R&R recommending that Ho's petition for a Writ of Habeas Corpus be denied.  (R&R.)  Ho timely filed his objections to the R&R on July 12, 2022.  (Objs. R&R, July 12, 2022, Docket No. 25.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. ANALYSIS

Ho objects to the Magistrate Judge's conclusions that (1) he was not prejudiced by his counsel's errors, (2) he was not motivated by a potential life sentence because he agreed to plead guilty before being advised about a potential life sentence, (3) the prospect of a life sentence was not a determinative issue for Ho in plea discussions, and (4) the decision of the Minnesota Court of Appeals was not based on an unreasonable determination of the facts or an unreasonable application of *Strickland.*

A defendant claiming ineffective assistance of counsel, like Ho, must satisfy the two-part *Strickland* test. 466 U.S. at 687.[2] Under the first *Strickland* prong, a defendant must "show that counsel's representation fell below an objective standard of reasonableness," the proper measure of which is "reasonableness under prevailing professional norms." *Id*. at 688. Under the second prong, a defendant must "show that the deficient performance prejudiced the defense" and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

To satisfy the prejudice prong of *Strickland* in the context of guilty pleas, a petitioner "must show that there is a reasonable probability that, but for counsel's errors,

---

[2] Although *Strickland* dealt with a claim of ineffective assistance of counsel in a sentencing, *Strickland* also applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985). In determining whether a petitioner has demonstrated prejudice, courts look to evidence contemporaneous with counsel's alleged errors to "substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id*. (emphasis in original).

While Ho relies on postconviction testimony to establish he would not have pleaded guilty but for his attorney's incorrect advice, and that he would not have maintained his guilty pleas but for his attorney's alleged overemphasis the potential life sentence, the contemporaneous record contradicts Ho's assertions.

Initially, Ho agreed to plead guilty before discovering that a consent defense was available. After Ho's attorney's error became known, she advised him that he could withdraw his guilty pleas or that he could continue to pursue a downward departure. In making her advisement, Ho's attorney opined that pursuing the consent defense would be difficult given the evidence likely to be used against him. Additionally, while Ho's attorney mentioned the **possibility** of a life sentence, she stated that it was her belief that Ho would likely face a ten-year sentence if convicted on all three charges.

In sum, the record contemporaneous with Ho's attorney's alleged errors establishes that after Ho was armed with newfound knowledge of the consent defense,

he still chose to maintain his guilty pleas and explicitly rejected the option to withdraw. Moreover, although his attorney mentioned the **potential** of a life sentence, she repeatedly reiterated that in her opinion Ho, at best, likely faced a sentence roughly 50 percent longer than the maximum under the pleas.[3]

Ho appears to be making two somewhat contradictory arguments that on the one hand the mere mention of a possible life sentence forced him into maintaining his plea, while on the other hand he was willing to risk a longer sentence than the one in his plea agreements to pursue a defense he acknowledged likely did not apply.  Instead, the contemporaneous record supports the conclusion that Ho considered the strength of a consent-based defense at trial and decided that maintaining his guilty pleas, thereby avoiding **any** longer sentence than the maximum cap in his plea agreements, was the most beneficial choice.

Similarly, Ho's arguments that he was prejudiced by his counsel's errors, that he was motivated by avoiding a life sentence, and that the prospect of a life sentence was a determinative issue in plea discussions are contradicted by the record.  The record indicates that Ho persisted in his guilty pleas to avoid a lengthier sentence with full knowledge of the consequences of his choices after his attorney provided correct advice

---

[3] Further, because Ho could seek a downward departure, his plea agreements were potentially even more favorable as compared to a ten-year sentence.  Notably, a ten-year sentence is almost double the sentence Ho received.

as to his defense and presented him with his available options.  The record therefore demonstrates that other advice was unlikely to cause him to withdraw his guilty plea.

Accordingly, Ho's post hoc assertions are unpersuasive when analyzed against the contemporaneous record and do not demonstrate a reasonable probability that he would not have pleaded guilty or would have withdrawn his pleas.  *See Hill*, 474 U.S. at 59.  As a result, the Court of Appeals also did not unreasonably apply Strickland in denying Ho's petition for postconviction relief.  The Court will therefore overrule Ho's objections and adopt the Magistrate Judge's R&R.

Because the Court will dismiss Ho's Petition, the Court must decide whether to grant a certificate of appealability.  The Court may issue one "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c). To make a substantial showing, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted).  Because, upon de novo review of the record, the Court finds that the issues presented are not debatable among jurists of reason and that it is unlikely a court would resolve it in a different matter, and it will decline to issue a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation [Docket No. 25] are **OVERRULED**;

2. The Report and Recommendation [Docket. No. 21] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**; and

4. The Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  October 6, 2022
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
United States District Judge